IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

PATRICK GINN,

    Petitioner

v.                                                                No. 1:26-cv-01047-STA-jay

CAMILLE HAYES, *Alabama DHR worker/supervisor*,
KENDRA SMITH, *Alabama DHR Supervisor,*
ELIZABETH ALEXNADER, *Alabama DHR Director*,
HUEL HARRIS, *Alabama DHR Attorney*,
VICKY WRIGHT*, Alabama Foster Parent,* and
PHILLIP WRIGHT*, Alabama Foster Parent*.

    Respondents.

---

## REPORT AND RECOMMENDATION

---

On March 9, 2026, Petitioner Patrick Ginn filed this action against the above-referenced defendants. (Docket Entry ["D.E."] 1). The Court is required to conduct a screening of this action because Ginn sought and received *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2)(B). (D.E. 5, 6). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

I.

Ginn alleges the following: He has a child that was born in Tennessee and has been a Tennessee resident since birth. (D.E. 1 at 2, ¶ 1). The Alabama Department of Human Resources ("DHR") removed the child on November 25, 2025, without any report or finding of abuse, neglect, or dependency, nor did the "shelter care order" which supported the removal contain any mention of abuse, neglect, or dependency. (*Id*. at ¶¶ 2-3). An Alabama court ordered him to bring

1

the child to Alabama "under threat of incarceration of [his] wife Amy Proctor Ginn." (*Id*. at 3, ¶ 4). Alabama DHR never contacted Tennessee authorities prior to the child being removed. (*Id*. at ¶ 5). The removal of his child and placement (into, presumably, foster care) has caused Ginn emotional and psychological distress. (*Id*. at ¶7).

Ginn asserts several causes of action. First, he seeks federal habeas corpus relief contending that the removal was made without any report, finding, or hearing of abuse or neglect. Next, he alleges that his due process was violated because he was denied notice and a hearing prior to the removal, and that the removal was unlawfully made under threat of incarceration. Third, Alabama DHR's actions violated the Uniform Child Custody Jurisdiction and Enforcement Act, codified in Tenn. Code Ann. § 36-6-201 *et seq.*, and, finally, defendants have interfered with his fundamental parental rights. (*Id*. at 3-4). Ginn seeks from this Court an order directing the immediate return of the child to his custody and enjoining defendants from any further interference with his parental rights, compensatory damages for emotional and psychological harm, and general relief. (*Id*. at 4).

In support of his petition, Ginn submits: an order from the Juvenile Court of Morgan County, Alabama dated November 26, 2025 (Ex. 1, D.E. 1-1 at 1-3); an order from the Juvenile Court of Morgan County, Alabama dated November 25, 2025 (Ex. 2, D.E. 1-1 at 4); a redacted Tennessee birth certificate (Ex. 3, D.E. 1-1 at 5); an insurance document from Medical East of Decatur, Inc. (D.E. 1-1 at 6); an unidentified document with the initials Z.L.G. and a Camden, Tennessee mailing address (*Id*. at 7); two notary acknowledgement forms and a letter dated December 19, 2025, signed by James and Beverly Talley (*Id*. at 8-10); an Explanation of Benefits document addressed to Patrick Ginn (*Id*. at 11); and a Dependency Petition filed in the Juvenile Court of Morgan County dated November 25, 2025 (*Id*. at 12-14).

2

II.

A.  28 U.S.C. § 1915 Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding in forma pauperis at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

B.  Standard of Review for Failure to State a Claim

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

C. Analysis

Under *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, a federal court generally must abstain from adjudicating a federal cause of action when doing so would interfere with an ongoing child custody proceeding. *Meyers v. Franklin Cnty. Ct. Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001). To satisfy the three prerequisites of *Younger*, there must be a pending state court proceeding that implicates important state interests and that "afford[s] the plaintiff an adequate opportunity to raise constitutional claims." *Id.* Ginn's allegations make clear that he challenges the Alabama state court's ongoing proceedings and the process by which his child was removed from his custody in November 2025. By seeking an invalidation of the Alabama state court's orders, Ginn requests that this Court intermeddle in the ongoing state court proceedings. Such interference is the precise sort that *Younger* prohibits. Child custody matters, like other domestic matters, are inherently and exclusively vested in state courts. *Cf. Ex parte Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States. As to the right to the control and possession of this child, as it is contested by its father and its grandfather, it is one in regard to which neither the congress of the United States, nor any authority of the United States, has any special jurisdiction."). As caselaw makes clear, the juvenile court provides an adequate forum for Ginn to raise his constitutional due process and statutory challenges to those proceedings. *Meyers*, 23 F. App'x at 205 & n.3.

4

III.

For this reason, it is RECOMMENDED that Plaintiff Patrick Ginn's Petition be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted, this the 23d day of March, 2026.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**