**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICK GINN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:26-cv-1047-STA-jay** |
| | ) | |
| **CAMILLE HAYES, Alabama DHR** | ) | |
| **worker/supervisor,** | ) | |
| **KENDRA SMITH, Alabama DHR** | ) | |
| **Supervisor,** | ) | |
| **ELIZABETH ALEXANDER, Alabama** | ) | |
| **DHR Director,** | ) | |
| **HUEL HARRIS, Alabama DHR Attorney,** | ) | |
| **VICKY WRIGHT, Alabama Foster Parent,** | ) | |
| **and PHILLIP WRIGHT, Alabama Foster** | ) | |
| **Parent.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER OF DISMISSAL**
**ORDER ON APPELLATE ISSUES**

On March 23, 2026, the United States Magistrate Judge issued a report and recommendation (ECF No. 7) that the Court dismiss the Pro Se Complaint for the failure to state a claim for relief. Plaintiff Patrick Ginn filed a Pro Se Complaint on March 9, 2026. Ginn styled his pleading as a Petition for Habeas Corpus Under 28 U.S.C. § 2241. The gravamen of the pleading is that Ginn's minor child was removed from his custody by the Alabama Department of Human Resources and placed into foster care with a family in the State of Alabama. The Pro Se Complaint names certain employees of the State of Alabama and the foster parents as Defendants.

The Magistrate Judge has recommended that the Court dismiss the Pro Se Complaint under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971) whereby federal courts generally

1

must abstain from adjudicating a federal cause of action when doing so would interfere with an ongoing child custody proceeding.  Rep. & Recommendation 4 (citing *Meyers v. Franklin Cnty. Ct. Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001).  Therefore, the Magistrate Judge has recommended the dismissal of Ginn's Pro Se Complaint.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for management of all pretrial matters. The Magistrate Judge has recommended the dismissal of Plaintiff's case *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 636(b)(1)(B).

While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed.  *Id.* at 151. Ginn had 14 days from the service of the Magistrate Judge's report in which to file objections.  To date, Ginn has not objected, and the time to do so has expired.

Ginn having raised no objection to the report and recommendation, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation. The Court **DISMISSES** the Pro Se Complaint for failure to state a claim. The Clerk of Court is directed to enter judgment.

The next issue to be addressed is whether the Court should authorize Plaintiff to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case, the settled law requiring the Court to abstain from ruling on Ginn's claims for relief and Ginn's failure to make a timely objection to the Magistrate Judge's recommendation, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, she must pay the entire $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[1] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the

---

[1] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

      **IT IS SO ORDERED.**

                              **s/ S. Thomas Anderson**
                              S. THOMAS ANDERSON
                              UNITED STATES DISTRICT JUDGE

                              Date: April 10, 2026